## Commonwealth v. Bitner

*Ted McKnight, district attorney,* for the Commonwealth.

*Frederick D. Lingle,* for defendant.

### FINDINGS OF FACT

BROWN, *P.J.,* April 4, 1986—(1) On November 23, 1985, defendant was involved in a motor vehicle

accident which involved both property damage and personal injuries. He apparently left the accident scene without giving the required information or rendering aid to the victims.

(2) As a result of the above-described incident a citation (S111426) was filed on November 25, 1985 charging defendant with the summary offense of leaving the scene of an accident under §3744(a) of the Vehicle Code. At the same time a citation (S111427) was filed charging him with the summary offense of driving through an intersection regulated by a stop sign in violation of §3323(b) of the Vehicle Code.

(3) On December 4, 1985, defendant entered a plea of guilty to both of the aforementioned citations and paid the statutorily mandated fines and costs for each offense.

(4) On November 27, 1985, a criminal complaint was filed charging defendant with various misdemeanor offenses including failure to stop and remain at the scene of an accident involving injuries to give information and render aid in violation of §3742(a) of the Vehicle Code which charge is designated as Count One in the information filed in these proceedings. This charge arose out of the same accident which formed the basis for the summary-offense charges described in finding of fact (2).

## DISCUSSION AND CONCLUSIONS OF LAW

In his motion defendant seeks dismissal of Count One on the basis of double jeopardy. His argument in support of this request is his conviction for the summary offense of leaving the scene of an accident in violation of §3744(a). After reviewing defendant's position, the court concludes that the applicable

statute is 18 Pa.C.S. §110(1)(iii)(A), which provides in pertinent part:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in . . . a conviction . . . and the subsequent prosecution is for

"(iii) the same conduct, unless:

"(A) the offense of which the defendant was formerly convicted . . . and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil."

This statutory double-jeopardy rule focuses on two prosecutions arising out of the same conduct. In the present case both the §3744(a) prosecution and the §3742(a) prosecution arise out of defendant's leaving the scene of the November 23, 1985 accident. Thus the first aspect of the rule is present since the conduct in question in both prosecutions must be defined by reference to the one accident.

In order for the Commonwealth to avoid this "same conduct" double jeopardy two factors must be established under subsection (1)(iii)(A) of section 110. The first of these is that each prosecution must require proof of a fact not required by the other. This factor is present since the §3742(a) prosecution requires proof of a person's failure to immediately stop his vehicle at the accident scene or as close thereto as possible and then forthwith returning to the accident scene and remaining there until

he has provided the information and rendered aid as required by §3744. However, §3744 focuses merely on one's failure to give the requisite information and aid and does not require proof of failure to immediately stop at the scene or as close thereto as possible and return to the scene. The presence of the second factor is not so clearly manifest. In this regard the law defining each of the two offenses must be intended to prevent a substantially different harm or evil. An analysis of both sections quickly reveals a legislative intent to deter a driver involved in an accident from not providing certain information and rendering assistance when needed. In this regard, §3742(a) mandates providing the same information and assistance as required by §3744. To this extent both statutes have one identical broad purpose. While it can be observed that §3742(a) also has an additional purpose of deterring drivers from not immediately stopping at an accident scene or as close thereto as possible, this harm or evil is so closely related to the accompanying duty to provide information and aid that it is difficult to conclude that each is intended to prevent a substantially different harm or evil. Accordingly, the court is compelled to conclude that the second factor needed to preclude "same conduct" double jeopardy under §110 is not present. Defendant's motion to dismiss Count One must therefore be granted.

## ORDER

And now, April 4, 1986 based upon the foregoing opinion it is hereby ordered that defendant's motion to dismiss be granted and that Count One brought under §3742(a) of the Vehicle Code be dismissed as violative of the double jeopardy prohibition of 18 Pa.C.S. §110(1)(iii)(A).